THE STATE OF OHIO, APPELLEE, *v.* BYRD, APPELLANT.

[Cite as State v. Byrd (1980), 63 Ohio St. 2d 288.]

(No. 79-616—Decided July 30, 1980.)

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. John A. Kicz,* for appellee.

*Mr. Gary L. Van Brocklin,* for appellant.

CELEBREZZE, C. J.  Appellant contends that the Court of Appeals should be reversed because his guilty plea was in violation of the Fifth Amendment right against self-incrimination and because it resulted from an unconstitutional denial of his right to counsel.

Appellant contends in part that the judge's involvement in the plea negotiation process rendered his plea involuntary and violative of the Fifth Amendment. Because we dispose of the case on this ground, we do not reach the merits of appellant's other claims.

The Fifth Amendment states that no person "shall be compelled * * * to be a witness against himself." This clause was held applicable to the states through the Fourteenth Amendment's Due Process Clause in *Malloy* v. *Hogan* (1964), 378 U.S. 1. Section 10, Article I of the Ohio Constitution, in the same language, provides the same guarantee.

In *Kercheval* v. *United States* (1927), 274 U.S. 220, at page 223, the court stated:

"A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."

In *Machibroda* v. *United States* (1962), 368 U.S. 487, the

court expanded on this statement, saying, at page 493, that "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." See, also, *Brady* v. *United States* (1970), 397 U.S. 742; *Santobello* v. *New York* (1971), 404 U.S. 257; *State* v. *Griffey* (1973), 35 Ohio St. 2d 101.

A judge's participation in the actual bargaining process presents a high potential for coercion. The defendant often views the judge as the final arbiter of his fate or at the very least the person in control of the important environment of the courtroom. He may be led to believe that this person considers him guilty of the crime without a chance of proving otherwise. He may infer that he will not be given a fair opportunity to present his case. Even if he wishes to go to trial, he may perceive the trial as a hopeless and dangerous exercise in futility.

As the court stated, at page 254 in *United States, ex rel. Elksnis,* v. *Gilligan* (S.D.N.Y. 1966), 256 F. Supp. 244:

"The unequal positions of the judge and the accused, one with the power to commit to prison and the other deeply concerned to avoid prison, at once raise a question of fundamental fairness. When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office. His awesome power to impose a substantially longer or even maximum sentence in excess of that proposed is present whether referred to or not. A defendant needs no reminder that if he rejects the proposal, stands upon his right to trial and is convicted, he faces a significantly longer sentence. One facing a prison term, whether of longer or shorter duration, is easily influenced to accept what appears the more preferable choice. Intentionally or otherwise, and no matter how well motivated the judge may be, the accused is subjected to a subtle but powerful influence."

Due to the high potential for coercion when the judge participates in the actual negotiation process, a number of courts have indicated that such participation is *per se* in violation of the Fifth Amendment. *E.g., Gilligan, supra; State* v. *Buckalew* (Alaska 1977), 561 P. 2d 289; *People* v. *Orin* (1975), 13 Cal. 3d 937, 120 Cal. Rptr. 65; *People* v. *Clark* (1973), 182 Colo. 201, 515 P. 2d 1242; *Fermo* v. *State* (Miss. 1979), 370 So.

2d 930; *State* v. *Cross* (1977), 270 S.C. 44, 240 S.E. 2d 514. See, also, Gallagher, Judicial Participation in Plea Bargaining: A Search for New Standards, 9 Harvard Civil Rights Law Review 29. Similarly, Fed. R. Crim. P. 11(e) forbids judge participation in the bargaining process.

In *Griffey, supra,* this court stated, at page 112, that the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968), should serve as a guide in connection with guilty pleas.

Section 3.3(a) of the ABA standards states: "The trial judge should not participate in plea discussions." The commentary to Section 3.3(a), at page 73, states in part:

"There are a number of valid reasons for keeping the trial judge out of the plea discussions, including the following: (1) judicial participation in the discussion can create the impression in the mind of the defendant that he would not receive a fair trial were he to go to trial before this judge; (2) judicial participation in the discussions makes it difficult for the judge objectively to determine the voluntariness of the plea when it is offered; (3) judicial participation to the extent of promising a certain sentence is inconsistent with the theory behind the use of the presentence investigation report; and (4) the risk of not going along with the disposition apparently desired by the judge may seem so great to the defendant that he will be induced to plead guilty even if innocent."

Although this court strongly discourages judge participation in plea negotiations, we do not hold that such participation *per se* renders a plea invalid under the Ohio and United States Constitutions. Such participation, however, due to the judge's position in the criminal justice system presents a great potential for coerced guilty pleas and can easily compromise the impartial position a trial judge should assume.

As a consequence we hold that a trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea. Ordinarily, if the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at

trial, the plea should be held to be involuntary and void under the Fifth Amendment and Section 10, Article I of the Ohio Constitution.

The undisputed evidence in the case at bar shows that the judge's conduct in all probability led appellant to believe he could not get a fair trial. The judge clearly expressed his views, through Lt. Coney, a friend of Byrd's family, through appellant's mother and sister, and in his own remarks.

By using Byrd's mother and sister, the judge conveyed the seeming futility of the appellant's situation. The circumstances in which the judge made his remarks on October 29th were highly coercive as well. The judge negotiated for appellant and then recommended that the appellant make the plea. He was joined by three other figures of authority in his remarks. It appeared as if the judge had joined forces with the prosecution in deciding that appellant was guilty. Any belief that a fair trial could not be had was strengthened by the judge's remarks regarding sentencing and the problems involved in having a jury trial.

Intense pressure was placed on appellant in these meetings, designed to make him realize that a guilty plea was his best course. The effect of this pressure was further exacerbated by two other factors. Appellant's methadone addiction, twice noted by the judge, could easily have amplified the coercive effect of the judge's conduct. In addition, appellant never had the opportunity to consult with an attorney regarding the judge's remarks. Although we do not reach the Sixth Amendment issue, the inability to discuss the events of October 29th with counsel makes the judge's remarks all the more damaging.

A review of the record leads this court to the inescapable conclusion that because of the trial judge's active efforts to secure appellant's plea, that plea must be held to have been given involuntarily. Accordingly, appellant's guilty plea is void under the United States and Ohio Constitutions.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.