25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John B. KAISER, Petitioner-Appellant,
v.
Rex ZENT, Warden, Respondent-Appellee.
 No. 93-4297.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1994.
 
 1
 Before: JONES, Circuit Judge; WELLFORD, Senior Circuit Judge, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 John B. Kaiser, a pro se Ohio prisoner, appeals a district court judgment dismissing his habeas petition filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellee has informed the court that he will not be filing a brief.
 
 
 3
 In 1990, Kaiser pleaded guilty to one count of attempted aggravated robbery and two counts of aggravated robbery. Kaiser was sentenced to concurrent terms of eight to twenty-five years on each aggravated robbery charge and eight to fifteen years for the attempted aggravated robbery charge. Although Kaiser filed a direct appeal, the Ohio Court of Appeals subsequently granted his motion for voluntary dismissal.
 
 
 4
 In 1991, Kaiser filed a motion with the trial court requesting the withdrawal of his guilty plea, arguing that the plea was void as a matter of law. The trial court denied the motion. On appeal, Kaiser asserted that the trial court abused its discretion in denying his withdrawal motion. Kaiser argued that the trial court abused its discretion by accepting a guilty plea that was not voluntary. The Ohio Court of Appeals dismissed the appeal as meritless. Kaiser then sought leave to appeal to the Ohio Supreme Court essentially contending that the trial court abused its discretion when: 1) it accepted a plea that violated his rights; 2) it denied the motion without a hearing; and 3) it denied the motion using impermissible considerations. The Ohio Supreme Court dismissed the appeal.
 
 
 5
 In 1993, Kaiser filed his habeas petition claiming that the guilty plea was not knowingly entered and that the trial court erred by engaging in the plea bargaining process. Kaiser subsequently amended his petition to claim that the trial court erred when it denied his motion to withdraw without an evidentiary hearing. The district court dismissed the petition as meritless.
 
 
 6
 In his timely appeal, Kaiser essentially raises the same issues that he presented to the district court. He also contends that the district court erred by not conducting an evidentiary hearing on his petition.
 
 
 7
 Upon review, we affirm the district court's judgment because Kaiser has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 8
 A review of the record demonstrates that Kaiser's guilty plea was voluntarily, knowingly, and intelligently entered under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991). Furthermore, Ohio R.Crim.P. 11(F), unlike Fed.R.Crim.P. 11(e)(1), does not prohibit a state trial judge from engaging in plea negotiations. State v. Mathews, 456 N.E.2d 539, 541 (Ohio Ct.App.1982). In Ohio, a trial court judge's participation in plea negotiation is not a per se violation of the Ohio Constitution. State v. Byrd, 407 N.E.2d 1384, 1388 (Ohio 1980). To the extent that Kaiser claims that the trial judge violated Ohio R.Crim.P. 11(F), violations of state procedural law do not serve as a basis for habeas relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988).
 
 
 9
 Kaiser's contention, that the trial court erred in not granting him a hearing on his motion to withdraw, was not fairly presented to the Ohio Supreme Court because the Ohio Supreme Court will not consider issues that were not first raised in the Ohio Court of Appeals. See Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985). Because this issue was not properly presented to the Ohio appellate courts, Kaiser must show cause and prejudice to excuse his failure to raise this argument in the state courts before the federal courts can address the merits of the issue. See Teague v. Lane, 489 U.S. 288, 298-99 (1989); Riggins, 935 F.2d at 793. Kaiser has not shown any cause to excuse his failure to raise the hearing argument in his appeal to the Ohio Court of Appeals, and none is otherwise apparent from the record. Furthermore, no exceptional circumstances are present in this case to waive the application of the cause and prejudice requirement as to this issue as Kaiser does not appear to be factually innocent of the crimes and no fundamental miscarriage of justice is apparent. Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 10
 Finally, Kaiser contends that the district court erred by not conducting an evidentiary hearing on his habeas petition. An evidentiary hearing in the district court is not mandatory unless one of the eight circumstances listed in 28 U.S.C. Sec. 2254(d) is present. McMillan v. Barksdale, 823 F.2d 981, 983-94 (6th Cir.1987). Because none of the eight factors of Sec. 2254(d) is present in this case, the district court was not required to conduct an evidentiary hearing.
 
 
 11
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard S. Enslen, United States District Judge for the Western District of Michigan, sitting by designation