OPINION
Appellant Richard Kiser appeals the decision of the Tuscarawas County Court of Common Pleas that denied his motion to withdraw his guilty plea. The following facts give rise to this appeal.
On July 5, 1996, the Tuscarawas County Court of Common Pleas indicted appellant on one count of burglary and one count of aggravated burglary. Prior to the issuance of the indictment, Tuscarawas County Common Pleas Judge Edward O'Farrell conducted a pre-bill of information conference on June 26, 1996. The purpose of this conference was to discuss a possible sentence if appellant pled guilty to a bill of information charging one count of burglary and one count of aggravated burglary.
Following this conference, Judge O'Farrell sent a letter, to the prosecutor and defense counsel, in which he outlined the sentence to be imposed if appellant entered a guilty plea. The court indicated it would sentence appellant to an indefinite term of five to twenty-five years for the aggravated robbery charge and a three to fifteen year term for the burglary charge. The sentences were to be served consecutively. Appellant decided not to enter a guilty plea and the bill of information was never filed. Shortly thereafter, the grand jury indicted appellant on the above charges.
Following his indictment, on July 5, 1996, appellant entered a plea of not guilty. On August 1, 1996, appellant filed a motion for competency. Appellant entered a written plea of not guilty by reason of insanity on September 26, 1996. The trial court ordered a competency evaluation and scheduled a competency hearing for November 18, 1996. Prior to the commencement of the competency hearing, the trial court reviewed the sentences outlined in its letter of July 1, 1996. The trial court informed appellant that defense counsel persuaded the trial court to sentence him to concurrent sentences as opposed to consecutive sentences. The trial court explained the difference between concurrent and consecutive sentences to the appellant.
Following this explanation, appellant agreed to withdraw the issue of his competence and plead guilty to the charges contained in the indictment. The trial court imposed the sentences outlined in its letter of July 1, 1996, except that the court ordered the sentences be served concurrently as opposed to consecutively.
On February 28, 1997, appellant filed a pro se motion to withdraw his guilty plea. The trial court overruled appellant's motion on March 12, 1997. Thereafter, on June 9, 1997, appellant filed a prose motion for supershock probation pursuant to R.C. 2947.061. The trial court denied the motion on June 25, 1997. On June 9, 1997, appellant filed a pro se notice of delayed appeal. On September 12, 1997, we granted appellant leave to file a delayed appeal and ordered the trial court to appoint counsel for appellant.
On September 24, 1998, we issued an opinion reversing and remanding this matter to the trial court for an evidentiary hearing on appellant's motion to vacate his guilty plea.[1] On remand, the trial court conducted an evidentiary hearing on November 10, 1998. The trial court expanded the scope of the hearing and permitted appellant to present evidence relative to his allegation that the court improperly participated in the plea bargaining process which resulted in a coerced guilty plea. The trial court issued a judgment entry on November 18, 1998, and overruled appellant's motion to withdraw his guilty plea and found the court did not improperly participate in the plea bargaining process.
On August 2, 1999, we granted appellant's motion to file a delayed appeal. Appellant sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION TO WITHDRAW GUILTY PLEA WHEN IT FAILED TO RECOGNIZE THAT ITS PARTICIPATION IN THE PLEA NEGOTIATIONS RESULTED IN THE DEFENDANT'S COERCED GUILTY PLEA.
 I
Appellant contends the trial court erred when it failed to grant his motion to withdraw his guilty plea as his plea was coerced because the trial court participated in the plea negotiations. We disagree.
Crim.R. 32.1 governs the withdrawal of guilty pleas and provides as follows:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
Since appellant requested to withdraw his guilty plea after sentencing, the trial court only had to permit him to do so to avoid a manifest injustice. Appellant has the burden of establishing the existence of such injustice. State v. Caraballo (1985), 17 Ohio St.3d 66,67, citing State v. Smith (1977), 49 Ohio St.2d 261., paragraph one of the syllabus. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, supra, at paragraph two of the syllabus. Thus, absent an abuse of discretion, we will not reverse the trial court's decision. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant contends based on the trial court's letter dated July 1, 1996, he believed the trial court was biased against him and that if he did not accept the plea bargain contained in the letter he would be indicted by the Tuscarawas County Grand Jury. Appellant also maintains that his ability to reason and think clearly was impaired because he had attempted suicide twice, approximately one month prior to entering his guilty plea, he had been involuntarily hospitalized at Massillon State Hospital, and he ingested prescribed psychotropic medication before the plea hearing.
Appellant's argument concerns the voluntariness of his confession. In support of his argument, appellant cites the case of State v. Byrd
(1980), 63 Ohio St.2d 288. In the Byrd case, the trial judge persuaded the defendant's mother and sister to talk with the defendant to get him to change his plea. The judge subsequently met with the defendant, in chambers, along with a deputy sheriff, a probation officer and the prosecutor. While in chambers, the trial judge actively participated in negotiating the plea bargain. This occurred without notice to defense counsel.
On appeal to the Ohio Supreme Court, the Court found appellant's guilty plea was void. The Court declined to find that a trial judge's participation in plea negotiations, per se, renders a plea constitutionally invalid. Specifically, the court stated:
 Although this court strongly discourages judge participation in plea negotiations, we do not hold that such participation per se renders a plea invalid under the Ohio and United States Constitutions. Such participation, however, due to the judge's position in the criminal justice system presents a great potential for coerced guilty pleas and can easily compromise the impartial position a trial judge should assume.
 As a consequence we hold that a trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea. Ordinarily, if the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary and void under the Fifth Amendment and Section 10, Article I of the Ohio Constitution. Id. at 293-294.
We find the facts of the matter currently before the court differ from the facts presented in Byrd and conclude the trial court did not abuse its discretion when it overruled appellant's motion to withdraw his guilty plea. The transcript of the plea hearing indicates the trial court explained the difference, to appellant, between concurrent and consecutive sentences and indicated that he was willing to sentence appellant to concurrent sentences, as opposed to consecutive sentences, as indicated in his letter of July 1, 1996. Tr. Plea Hrng. at 4-5. The trial court then proceeded to explain to appellant the rights he would waive by entering a guilty plea to the two charges. Id. at 6-8. Appellant indicated he understood these rights. Id. at 8.
We further conclude the judge's participation in this matter did not lead defendant to believe he could not receive a fair trial if he chose not to plead guilty to the bill of information. The judge met with the prosecutor and appellant's attorney to discuss a possible sentence if appellant chose to plead guilty to a bill of information, prior to appellant's indictment by the Tuscarawas County Grand Jury. Once appellant indicated that he did not wish to plead guilty to a bill of information, this matter proceeded accordingly. Clearly, had appellant felt threatened or coerced by the judge's letter, he would have entered a guilty plea to the bill of information. Instead, appellant refused the offer contained in the letter, the grand jury issued an indictment, and appellant entered a plea of not guilty and a subsequent written plea of not guilty by reason of insanity to the charges contained in the indictment. Appellant's conduct negates the claim of coercion.
Finally, we have reviewed the transcript of the plea hearing and find nothing to indicate that appellant's ability to reason and think clearly was impaired. Every time the trial court judge asked appellant a question, appellant was able to respond. Appellant's responses never appeared confused nor did appellant indicate that he was confused or did not understand a question. We conclude appellant's mental condition did not affect the voluntariness of his plea.
The trial court did not abuse its discretion when it overruled appellant's motion to withdraw his guilty plea.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed.
 _________________ Wise, J.
Gwin, P. J., and Hoffman, J., concur.
[1] State v. Kiser (Sept. 24, 1998), Tuscarawas App. No. 97 AP 070051, unreported.