JOURNAL ENTRY and OPINION
Defendant-appellant Bernard Wyckoff appeals from his guilty pleas to two counts of rape (R.C. 2907.02), both with sexually violent predator specifications (R.C. 2971.01). He argues that the trial court violated his due process rights by actively engaging in the plea bargaining process and that the trial court violated his right to effective assistance of counsel by denying his request for new counsel. For the reasons set forth below, judgment is affirmed.
Wyckoff was indicted on seven counts of rape of a child under the age of thirteen (R.C. 2907.02), each with a sexually violent predator specification (R.C. 2971.01), and a repeat violent offender specification (R.C. 2929.10); seven counts of gross sexual imposition of a minor (R.C.2907.05), each with a sexually violent predator specification; seven counts of kidnapping (R.C. 2905.01), each with a sexually violent predator specification and a repeat violent offender specification; and seven counts of disseminating harmful material to a juvenile (R.C.2907.31).
Wyckoff originally pled not guilty at his arraignment. On May 22, 2000, just before trial was to commence, a plea agreement was discussed. The State agreed that if he entered a plea to two counts of rape with the sexually violent predator specifications attached, it would delete the language submit by the use of force or threat of force from the counts and nolle the remaining counts.
Despite the efforts of his counsel to persuade him to accept the plea agreement, Wyckoff wanted to proceed to trial. In response, the trial court emphasized he would be facing multiple life terms in prison if convicted. The trial court stated as follows:
 Court: Okay. So 37 plus 20 is 57. Let's look in the worse (sic) case scenario here. At age 57 the Parole Board determines when you get out of prison. The other option is for you to go to trial. If you're found not guilty, of course you walk out of here a free man. If you're found guilty there are enough counts and enough specifications in this case that you could serve the sentence, I could serve the sentence, your attorney could serve the sentence and the Prosecutor could serve the sentence and we still wouldn't have enough natural life to make up for the time that you could receive. Do you understand that?
Defendant: Yes, your Honor, I do.
 Court: Okay. Do you wish to take a moment to talk to your attorney at this point in time?
Defendant: Yeah.
(TR. at 11).
Wyckoff then addressed the court and explained that he did not want to take the plea because his family needed him. He then stated he would agree to plead to three counts of gross sexual imposition. In response, the court informed him:
 Court: Turn around and look at the gallery. Do you see any family members here in support of you today?
(TR. at 13).
The trial court then questioned Wyckoff regarding his dissatisfaction with his attorney. Wyckoff stated that he wanted to replace his attorney because his attorney had urged him to take the plea and because his attorney did not believe that he had a defense. The trial court found this to be an insufficient basis to discharge his attorney, especially just before trial was to commence, and refused to appoint a new attorney.
The trial court then adjourned for lunch with the intention of commencing the trial in the afternoon. Several hours later, the proceedings reconvened and Wyckoff decided to reinstate his attorney and accept the plea agreement. He stated that he was satisfied with his attorney's representation.
On May 30, 2000, the trial court sentenced Wyckoff to seven years on each of the two counts, to run consecutive with each other.
The defendant now timely appeals, asserting two assignments of error.
 I. THE TRIAL COURT DENIED DEFENDANT HIS RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT PARTICIPATED IN NEGOTIATIONS LEADING TO PLEAS OF GUILTY.
 II. THE COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR WHEN IT FAILED TO APPOINT COUNSEL FOR HIM IF HE COULD NOT OBTAIN COUNSEL.
Wyckoff argues that his pleas were not voluntarily entered because the trial court participated in the plea bargaining process and exerted pressure on him to accept the plea agreement. He also argues that he was denied his right to effective assistance of counsel because the trial court forced him to proceed with the attorney whom he wished to discharge.
The comments made by the trial court regarding the plea were clearly for the purpose of explaining that the proposed plea agreement was extremely generous, and that if he was found guilty of all counts at trial, Wyckoff would face multiple life terms in prison. The trial court was not participating in the negotiations themselves. As the court in State v. Walker (1989), 61 Ohio App.3d 768, 770, held:
 In assessing the voluntariness of a plea, we are required to scrutinize carefully any participation by the trial court in the plea bargaining process. State v. Byrd (1980), 63 Ohio St.2d 288, syllabus. If the court's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary * * *.
Id. at 293-294.
We do not find that the trial court's comments indicated that Wyckoff would not receive a fair trial or that the judge would be biased if Wyckoff decided to proceed to trial.
Regarding the court's refusal to appoint new counsel, this court, in State v. Haberak (1988), 47 Ohio App.3d 35, 41, held:
 The right to counsel guaranteed by the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution does not always mean counsel of one's own choosing. The right to counsel must be tempered by the public's right to a prompt, orderly and efficient administration of justice. Attorneys cannot be shed at every stage of the proceeding so as to impede that orderly administration. On the other hand, there is a right to discharge counsel because of the personal nature of the services being performed. Thus, it is the trial court's duty to balance the defendant's right to counsel of his preferential choosing against the public interest in the administration of justice.
Id. at 23-24.
 A review of the cases in this area reveals the courts tip the balance in favor of the defendant when there existed a total lack of cooperation and trust between counsel and defendant. [cites omitted]. Conversely, the balance is tipped in favor of the orderly and efficient administration of justice when defendant's request for new counsel is for the purposes of delay or made in bad faith.
In the present case, Wyckoff wanted another attorney because his attorney believed that he should take the plea and did not believe that Wyckoff had a defense to the charges. The Ohio Supreme Court in State v. Cowan (1999), 87 Ohio St.3d 68, 73, held that an attorney's encouraging a client to plead does not constitute grounds for substituting counsel. The Supreme Court held: A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism. Cowan, citing Brown v. United States (C.A.D.C. 1959), 264 F.2d 363, 369. Furthermore, after Wyckoff consented to the plea agreement, he indicated that he was satisfied with his counsel's representation.
Wyckoff's two assignments of error are overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., CONCURS IN PART AND DISSENTS IN PART IN SEPARATE OPINION; ANN DYKE, J., CONCURS IN JUDGMENT ONLY