OPINION
Appellant Dennis M. Stinard appeals a judgment of the Stark County Common Pleas Court convicting him of safecracking, breaking and entering, possession of criminal tools, and driving under the influence of alcohol, upon a plea of guilty:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES ON THE APPELLANT WITHOUT PROVIDING SPECIFIC REASONS FOR SUCH ACTION.
 II. THE TRIAL COURT'S PARTICIPATION IN PLEA NEGOTIATIONS RENDERED THE APPELLANT'S PLEA INVOLUNTARY AND VIOLATED THE APPELLANT'S FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.
On May 2, 2001, appellant was operating a motor vehicle, when he was stopped for speeding by a Jackson Township Police officer. Upon speaking with appellant, the officer detected a strong odor of alcohol. Appellant was asked to step out of the vehicle and perform a field sobriety test. Appellant was then asked to submit to a portable breath test, which he refused.
Appellant was arrested for driving under the influence of alcohol. His vehicle was seized, and searched for inventory purposes. During the search, police found a white bank bag containing $4782 in cash, as well as a check and gift certificate made out to Darrah's Restaurant. Police also found a pry bar, sledge hammer, and an electric grinding tool in the car.
Officers were dispatched to Darrah's Restaurant following the discovery of the items in appellant's car. Upon arrival, the officers noted that the front door of the restaurant had been forced open, and a safe within the restaurant had been opened and emptied of its contents.
The Stark County Grand Jury indicted appellant with safecracking, breaking and entering, possession of criminal tools, and operating a motor vehicle while under the influence of alcohol. On June 18, 2001, appellant pled guilty to all charges. The trial court ordered a pre-sentence investigation report. On July 23, 2001, appellant appeared before the court for sentencing. At that time, the court informed appellant that she could not place him on probation in light of information contained within the pre-sentence investigation report. The court offered appellant the opportunity to withdraw his guilty plea, based on a prior representation that probation may be an appropriate sentencing option. Counsel for appellant informed the court that appellant would like one week to consider withdrawing the plea. The court agreed, and postponed sentencing. On July 25, 2001, appellant declined the offer to withdraw his guilty plea, and the court proceeded to sentencing. Appellant was sentenced to 14 months incarceration for safecracking, 10 months incarceration for possession of criminal tools, and 6 months incarceration for driving under the influence of alcohol. The sentences for breaking and entering, possession of criminal tools, and DUI were to run concurrently to each other, but consecutively to the sentence for safecracking, making the aggregate sentence 24 months.
 I
Appellant first argues that the court did not adequately explain specific reasons for sentencing him to consecutive sentences.
R.C. 2929.14 (E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following.
* * *
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Regarding consecutive sentencing, the court specifically stated in its July 30, 2001, judgment of sentencing, that for the reasons stated on the record, consecutive sentences are necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are disproportionate to the seriousness of appellant's conduct and the danger appellant imposes to the public. The court also found in its judgment that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary. At the, July 27, 2001, sentencing hearing, the court found on the record that the pre-sentence investigation report, which she sealed, detailed many crimes for which appellant been found guilty or pleaded guilty. Tr. 4. The court also found that the pre-sentence investigation report sets forth the facts that appellant had previously served numerous prison sentences on separate occasions. Id. Contrary to appellant's argument, the trial court's reasons were sufficient to justify imposition of consecutive sentences. Appellant cites no authority for the proposition that the court was required to state on the record each and every criminal act of which appellant had been convicted in order to comply with R.C. 2929.14
(E)(4).
The first assignment of error is overruled.
 II
Appellant argues that the trial court's participation in the plea negotiations renders his plea involuntary.
Participation by a judge in a plea negotiation does not per se render the plea invalid. State v. Byrd (1980), 63 Ohio St.2d 288, 293. However, a trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the plea. Id. Ordinarily, if the judge's active conduct could lead a defendant to believe he could not get a fair trial because the judge thinks that a trial is a futile exercise, or that the judge would be biased against him at trial, the plea should be held to be involuntary and void under the Fifth Amendment and Section 10, Article I of the Ohio Constitution. Id. At 293-294.
In the instant case, the record does not support appellant's argument that the trial court was impermissibly involved in the plea negotiations. During the June 18, 2001, plea hearing, the record indicates that the prosecutor, and not the trial court, approved of appellant's participation in the Choice Program. The court did not agree to place appellant into that program, because of appellant's extensive criminal history. The court did indicate at the time that probation was an option, but informed appellant that a pre-sentence investigation would be ordered. Tr. 3-4. When accepting appellant's plea, however, the court did inform appellant that the court could still impose a prison term. Tr. 12. After receiving the pre-sentence investigation report, the court determined that probation would not be appropriate, but gave appellant the opportunity to withdraw his plea and go to trial. Tr. July 23, 2001, page 6-7. The court further gave appellant a week to consider whether he wanted to withdraw his plea. The court's involvement in the plea process went solely to the issue of sentencing, and the court did nothing to indicate that appellant would not get a fair trial if he elected to withdraw his plea. Nothing in the court's comments indicated that the trial would be a futile exercise, or that she would be biased against him at trial.
The second assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Wise, J., and Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.