OPINION
{¶ 1} Gary Steinmetz appeals from a judgment of the Juvenile Division of the Montgomery County Court of Common Pleas, which adjudged him to be a delinquent child by reason of receiving stolen property and which committed him to the Department of Youth Services for a term of six months.
 {¶ 2} On August 7, 2001, the state filed a complaint against Steinmetz in the juvenile court, charging him with one count of theft, two counts of felony receiving stolen property, and one count of misdemeanor receiving stolen property. A hearing was set for September 4, 2001, but Steinmetz failed to appear. The juvenile court then set a preliminary hearing and order of detention for December 9, 2001, which was continued to December 20, 2001. At the December 20, 2001 hearing, following a discussion between Steinmetz, his attorney, and the court, Steinmetz entered an admission to one count of felony receiving stolen property, and the other charges were dismissed pursuant to a plea agreement with the state. The juvenile court committed him to the Department of Youth Services for six months.
 {¶ 3} Steinmetz appeals, asserting two assignments of error.
 {¶ 4} "I. APPELLANT'S PLEA WAS NOT KNOWINGLY AND VOLUNTARILY OBTAINED AND, THUS, WAS ERRONEOUSLY ENTERED BY THE TRIAL COURT."
 {¶ 5} Steinmetz makes two arguments under this assignment of error. First, he argues that the juvenile court failed to comply with the requirements of Juv.R. 29(D) in accepting his admission. Second, he argues that the juvenile court improperly interfered in plea negotiations, which coerced him into admitting delinquency.
 {¶ 6} Juv.R. 29(D) provides:
 {¶ 7} "The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 8} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 9} "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
{¶ 10} Juv.R. 29(D) requires that, "[b]efore accepting a minor's admission, the court must personally address the minor and determine that he or she is making the admission voluntarily, and that he or she understands the rights that are waived by entering an admission." In reMiller (1997), 119 Ohio App.3d 52, 57, 694 N.E.2d 500. Thus, the procedure is similar to that required by Crim.R. 11(C)(2) in adult felony cases. Id., citing In re Fambro (Mar. 28, 1997), Clark App. No. 96-CA-6. Juvenile courts are required to substantially comply with the factors set forth in Juv.R. 29(D) before accepting an admission. See In re Hairston
(Aug. 15, 1996), Franklin App. No. 96APF02-123.
 {¶ 11} Steinmetz argues that the juvenile court failed to comply with section (2) of Juv.R. 29(D) because it did not tell Steinmetz that he had a right to introduce evidence at the adjudicatory hearing and that he was waiving that right by entering an admission. He also argues that the juvenile court failed to inform him that he had a right to compel witnesses to appear on his behalf. The state argues that the court substantially complied with the requirements of Juv.R. 29(D).
 {¶ 12} The juvenile court advised Steinmetz: "[Y]ou have a right to a trial, you have a right to face the complaining witnesses and bring any witnesses in on your behalf, you also have a right to remain silent. Do you understand these, son?" While this language does not exactly mirror that of Juv.R. 29(D) with respect to the right to introduce evidence at the adjudicatory hearing, we believe that the court substantially complied with the rule by informing Steinmetz that he had a right to bring any witnesses on his behalf. See, also, Hairston, supra (holding that the juvenile court had substantially complied by stating "[i]f you admit it, no trial, no right to remain silent, no right to questioning [sic] witnesses, no appeal on whether you're guilty."). Regarding Steinmetz's argument that the court failed to inform him of his right to compel witnesses to appear on his behalf, we note that Juv.R. 29(D) does not require the court to do so. That language comes from Crim.R. 11(C) and does not apply in this case.
 {¶ 13} In his second argument, Steinmetz argues that the juvenile court improperly interfered in plea negotiations and coerced him into admitting delinquency. The participation of judges in plea negotiations has been strongly discouraged by the supreme court, but such participation does not per se render a plea invalid under the United States or Ohio Constitution. See State v. Byrd (1980), 63 Ohio St.2d 288,293, 407 N.E.2d 1384. However, such participation is to be carefully scrutinized, and "if the judge's active conduct could lead a defendant to believe he cannot get a fair trial because the judge thinks that a trial is a futile exercise or that the judge would be biased against him at trial, the plea should be held to be involuntary and void under the Fifth Amendment and Section 10, Article I of the Ohio Constitution." Id. at 293-94.
 {¶ 14} Steinmetz argues that the magistrate threatened him with a longer sentence if he did not enter an admission. At the beginning of the hearing, Steinmetz stated that he wanted to go to trial. The magistrate then engaged in the following discussion with Steinmetz and his attorney:
 {¶ 15} "THE COURT: * * * I'm going to be honest with you and I'm not threatening, you understand this Griff?
 {¶ 16} "MR. NOWICKI: I understand.
 {¶ 17} "THE COURT: If — if you go to trial and you're found guilty on more than one I'm going to stack them, okay. This way you're going up for once — for one.
 {¶ 18} "If you go to trial and that and if you feel, you know, go to another magistrate that's fine, but if you go to trial on that in front of me and that and you're found guilty of more than one I'm going to give you time consecutive, do you understand that, son?
 {¶ 19} "UNIDENTIFIED: You need to take the plea.
 {¶ 20} "THE COURT: That — that means that — that means —
 {¶ 21} "MR. NOWICKI: He's just going to give you time on one charge and then add on to that the next charge —
 {¶ 22} "THE COURT: I — I can give you — I can give you 12 — 18 — this way you get six months.
 {¶ 23} "MR. NOWICKI: And then add on to that.
 {¶ 24} "THE JUVENILE: All right, I'll —
 {¶ 25} "THE COURT: (Unintelligible) I'm not trying to force you one way or the other, son, I'm just telling you, you know, if you're wasting the court's time and everybody's time that's what I'm going to do if you're found guilty.
 {¶ 26} "MR. NOWICKI: Well, your Honor, just for clarification if he were to take the plea offer what would be the time that he'd be looking at?
 {¶ 27} "THE COURT: Minimum six months to the age of 21 with one count, okay, and that, I'd send him back. If he goes to trial and that and he's found guilty I'm going to — consecutives, okay?"
 {¶ 28} The state argues that there is no evidence in the record that Steinmetz felt compelled to enter an admission due to the court's statements. It cites to State v. Kirby (Oct. 25, 1990), Cuyahoga App. No. 59234, to support its position. In Kirby, the court concluded that the trial judge had coerced Kirby into pleading guilty. Id. The judge in that case stated: "This is a one-count indictment. You're charged with drug law violation. It's a mandatory sentence if you're convicted. A minimum sentence of three to 15 years if you plead now before trial. If you plead now before trial begins, I told Mr. Tolliver that I would give you the minimum sentence. However, if we go to trial and you are convicted, any deal is off, because other matters may be brought to my attention during the trial from the witness stand and from yourself that affect my decision on sentencing, such as if you get on the witness stand and you lie or depending on what the police officers tell me about this particular case, you may not get the minimum sentence after trial, and you could possibly be sentenced to five to 15 years." Id. (emphasis omitted); see, also, State v. Mitchell (Jan. 9, 1997), Cuyahoga App. No. 70121.
 {¶ 29} The state attempts to distinguish Kirby because, in that case, Kirby stated at the hearing on his motion to withdraw his plea that he had felt coerced into making the plea. We have no such statement on the record by Steinmetz in this case. However, we do not believe that such a statement is necessary. The record is clear that Steinmetz came to the hearing with the intention of refusing the state's plea offer. After the magistrate's statements, Steinmetz entered an admission. The comments made by the juvenile court in this case were much more coercive than those made by the judge in Kirby. In Kirby, the judge stated that he would give Kirby three to fifteen years if he pled, but that he could get up to five to fifteen if he went to trial and was convicted. In this case, the magistrate stated that he would give Steinmetz six months if he entered an admission, but that he would get twelve to eighteen months if he went to trial and was adjudicated delinquent. Furthermore, Kirby was an adult, whereas Steinmetz was a juvenile at the time of the proceeding at issue. Thus, the behavior of the magistrate in this case was more, rather than less, coercive than that in Kirby.
 {¶ 30} Although the entirety of the exchange was of a coercive nature, we are particularly troubled by the court's characterization of Steinmetz as possibly "wasting the court's time" by going to trial. The court furthermore made it clear on several occasions that Steinmetz would receive a harsher sentence if he insisted upon a trial and was found guilty than if he pled and entered an admission. This type of behavior epitomizes the concern invoked when judges participate in the process of negotiating a plea. It is easy to imagine a seventeen-year-old interpreting the magistrate's remarks as indicating that going to trial would not only be futile but also a choice which he would be punished for exercising. We therefore believe that the court overstepped its bounds in its colloquy with Steinmetz, rendering Steinmetz's admission involuntary and void under the Fifth Amendment and Section 10, Article I of the Ohio Constitution.
 {¶ 31} The first assignment of error is sustained in part and overruled in part.
 {¶ 32} "II. THE TRIAL COURT IMPOSED AN ILLEGAL SENTENCE UPON APPELLANT, IGNORING STATUTORY CONSIDERATIONS PER O.R.C. 2151.355(D)(1)."
 {¶ 33} Steinmetz's second assignment of error is rendered moot by our disposition of the first assignment of error and is therefore overruled.
 {¶ 34} The judgment of the juvenile court will be reversed, and this matter will be remanded for further proceedings consistent with this opinion.
FAIN, J. and GRADY, J., concur.