DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas which, following the entry of a no contest plea, found appellant, Graylin S. Lutchey, guilty of passing a bad check. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellant was indicted on September 5, 2002, on one count of passing a bad check, a felony in the fifth degree. Appellant was found to be indigent and counsel was appointed. The trial court granted that attorney's motion to withdraw and appointed a second attorney. Appellant waived his right to counsel although the trial court had the second attorney available to advise appellant. After the trial court denied appellant's motion to dismiss the indictment, appellant withdrew his not guilty plea and entered a no contest plea. The trial court placed him on intensive supervision for three years and ordered him to pay restitution and costs.
 {¶ 3} Appellant filed a timely notice of appeal. In his brief, appellant asserts the following three assignments of error:
 {¶ 4} "Error of Assignment # I:
 {¶ 5} "A Trial court judge may not participate in the plea discussions, then proceed to try, hear, and determine that the plea was made voluntarily, accordingly, (sic).
 {¶ 6} "Error of Assignment # II:
 {¶ 7} "The trial court judge improperly participated in the plea negotiations by advising the accused that if he were to take the other course, which is not to enter a plea, and we go to trial tomorrow, you'll receive some sort of sentence that might involve actual prison or might involve more jail time.
 {¶ 8} "Error of Assignment # III:
 {¶ 9} "The trial court erred and abused its discretion where the defendant's privilege against judicial participation in plea agreements protects defendant's (sic) against pressure to settle criminal cases on terms favored by the court., (sic) and pursuant to it's (sic) supervisory power, court of appeals may raise such error sua sponte (sic)."
 {¶ 10} In all three assignments of error, appellant contends that the trial court improperly participated in the plea negotiations. Appellant sets forth one argument for all three assignments of error. This court finds no merit in these assignments of error.
 {¶ 11} The Federal Rules of Criminal Procedure and a number of courts in other states prohibit participation by a judge in plea bargain negotiations. Fed.R.Crim.P. 11(e); State v. Byrd
(1980), 63 Ohio St.2d 288, 292-93. Upon examination of this issue, the Ohio Supreme Court cautioned, "although this court strongly discourages judge participation in plea negotiations, we do not hold that such participation per se renders a plea invalid under the Ohio and United States Constitutions." Id. at 293. Rather, the Court held instead, "a trial judge's participation in the plea bargaining process must be carefully scrutinized to determine if the judge's intervention affected the voluntariness of the defendant's guilty plea." Id. at syllabus. A judge's participation in negotiations affects a guilty plea when: the judge conveys a message to the defendant that going to trial would be futile; the judge implies that sentencing after a trial would be greater than sentencing if the defendant pleads guilty; or the judge goes to great lengths to intimidate a defendant into accepting a guilty plea. Id. at 292-93.
 {¶ 12} In the case sub judice, the plea negotiations occurred during an in-chambers conference, held on the record. The record does not support appellant's argument that the trial court was impermissibly involved in the plea negotiations. The court's involvement in the plea process went solely to the issue of the possible penalties should appellant be convicted. The court did nothing to indicate that appellant would not get a fair trial if he did not enter a plea. Nothing in the court's comments indicated that the trial would be a futile exercise, or that he would be biased against appellant at trial.
 {¶ 13} The transcript also indicates that after the trial court accepted appellant's plea in open court, the trial court then proceeded to explain to appellant the rights he would waive by entering a no contest plea to the charge. Appellant indicated he understood these rights. Appellant also indicated that he was satisfied with the advice he was given by the appointed attorney who acted as his legal advisor. We conclude the judge's participation in the plea negotiations could not have lead appellant to believe he could not receive a fair trial if he did not enter a plea of no contest.
 {¶ 14} Accordingly, appellant's assignments of error are found not well-taken.
 {¶ 15} Having reviewed all errors assigned and argued by appellant, and finding merit in none of them, we hereby affirm the judgment of the Wood County Court of Common Pleas. It is ordered that appellant pay court costs for this appeal. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Lanzinger, J., Concur.