[Cite as *State v. Jones*, 2017-Ohio-1396.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Terry E. Jones

Appellant

Court of Appeals No. L-16-1009

Trial Court No. CR0201502313

**DECISION AND JUDGMENT**

Decided: April 14, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Brad F. Hubbell, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Terry Jones, appeals the January 8, 2016 judgment of the Lucas County Court of Common Pleas, in which the court sentenced appellant to a prison term of eight years for attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2), a felony of the second degree. Finding no error, we affirm.

## Assignment of Error

**{¶ 2}** Appellant sets forth the following assignment of error:

The trial court violated Mr. Jones (sic) Fifth Amendment rights

when the judge participated in the plea negotiation process which resulted

in a high potential for coercion and resulted in Mr. Jones' (sic) plea being

involuntary.

## Facts

**{¶ 3}** On August 12, 2015, appellant was indicted for unlawful sexual contact with a minor in violation of R.C. 2907.04(A) and (B)(3), a felony of the third degree; and rape in violation of R.C. 2907.02(A)(2) and (B), a felony of the first degree.

**{¶ 4}** Appellant was alleged to have digitally penetrated and had vaginal intercourse with a 15-year-old family member in January 2014. As a result of this sexual contact, the family member gave birth to a child, and DNA testing confirmed appellant was the biological father.

**{¶ 5}** Appellant was arraigned, pled not guilty, and was appointed counsel on August 18, 2015. On December 17, 2015, a final pretrial was held and, in open court, appellant withdrew his not guilty plea and entered a plea of no contest to attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2), a felony of the second degree. Prior to entering his plea, appellant, his counsel, and the court discussed the charges, his plea, and his potential sentence. After a thorough explanation and confirmation appellant

understood the consequences of his plea, the court accepted the plea. Sentencing was scheduled for January 7, 2016.

{¶ 6} At sentencing, the court found appellant to be a Tier III sex offender and ordered him to serve a prison term of eight years. The judgment was journalized January 11, 2016, and appellant now timely appeals.

**Law and Analysis**

{¶ 7} In the sole assigned error, appellant argues his plea was not voluntarily entered into where the judge participated in the negotiation. Appellee contends the judge played no role in the negotiation that would have affected appellant's plea.

{¶ 8} "In Ohio, although a judge's participation in plea negotiations is strongly discouraged, such participation does not per se render a plea invalid under the Ohio and United States Constitutions." *See State v. Cherry*, 6th Dist. Erie No. E-10-045, 2013-Ohio-2596, ¶ 7, citing *State v. Byrd*, 63 Ohio St.2d 288, 293, 407 N.E.2d 1384 (1980). "Rather, the court in *Byrd* held that a trial judge's participation in the plea bargaining process will be carefully scrutinized to determine if it affected the voluntariness of the defendant's plea." (Quotations omitted.) *Id.*, citing *Byrd* at syllabus.

{¶ 9} The trial court's participation in plea negotiations affects a guilty plea when: "the judge conveys a message to the defendant that going to trial would be futile; the judge implies that sentencing after a trial would be greater than sentencing if the defendant pleads guilty; or the judge goes to great lengths to intimidate a defendant into

3.

accepting a guilty plea." *See id*., citing *State v. Lutchey*, 6th Dist. Wood No. WD-03-094, 2004-Ohio-4847.

{¶ 10} Appellant did not sufficiently support his argument that the trial court implied or said that proceeding to trial would be futile or that proceeding to trial would add more prison time. Appellant has put forth no facts from the record that support the court acted in a coercive or intimidating manner. Furthermore, appellant's counsel was present throughout the plea negotiation, the negotiation interaction was on record, and the court never expressed an opinion regarding the merits of the case during the negotiation.

{¶ 11} Our review of the 20 pages of the transcript on which appellant relies reveals that the trial court simply assisted defense counsel in explaining the law and its consequences. We find this allowed appellant to make a more informed decision regarding his plea. The extensive explanation was due to appellant's confusion as to whether the plea charge provided for a mandatory or nonmandatory prison term, and how that would affect the possibility of his jail-time credit and judicial release. The court informed appellant that he had a choice of accepting a felony of the second degree with a possibility of eight years incarceration, which came with a chance of judicial release after five years; or, accepting a felony of the first degree, with a potential prison term of six, seven or eight years, but that carried no possibility of early release. Specifically, the following interaction reflects the relevant dialogue:

4.

**Appellant:** But if I plead to the F1, I don't know if I'm going to get 6, 7, or 8. If I plead to the F2, that's like I'm just saying I want to go do 8 years.

**The court:** Well, you'd be agreeing to it. But the thing is, as the law exists today, after five years you'd be eligible to be released.

**Appellant:** That ain't guaranteed.

**The court:** No it's not. I'm not making any promises or commitments. * * * It's your decision. You want to plead to the F1 or the F2. But I'd really like for you to talk to your lawyer about that one. * * *

**Counsel:** Your Honor, he indicates to me that he wishes to enter a plea to the F2 with the stipulation that the sentence be 8 years. * * *

{¶ 12} Thereafter, appellant's no-contest plea to the second-degree felony, with possibility of judicial release, was entered into the record. There was no error in the role assumed by the court during the plea, and to the contrary, we find it was the trial court's duty to thoroughly explain the law and its consequences. *See* Crim.R. 11(C).

{¶ 13} Accordingly, the trial court did not abuse its discretion in its January 8, 2016 judgment, and appellant's assigned error is not well-taken.

### Conclusion

{¶ 14} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                                _____
                                                 JUDGE

Arlene Singer, J.

                                  _____
Thomas J. Osowik, J.                                      JUDGE
CONCUR.

                                  _____
                                                 JUDGE