OPINION
{¶ 1} Anthony W. Heinzen entered a negotiated plea of guilty in the Clark County Court of Common Pleas to attempted fleeing and eluding, a felony of the fourth degree. He was found guilty by the court and sentenced to one year of imprisonment, a fine of $1,000, and a three-year driver's license suspension. Heinzen appeals from his sentence.
 {¶ 2} On January 18, 2005, Heinzen was indicted for failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B), a third degree felony. He entered a plea of not guilty. On March 15, 2005, the court was presented with a negotiated plea agreement whereby Heinzen would plead guilty to attempted fleeing and eluding. The parties further agreed to a presentence investigation. Although the plea agreement had stated "Parties agree to six (6) months O.S.P," that phrase had been crossed out.
 {¶ 3} Upon receiving the plea agreement, the court conducted a full plea hearing in accordance with Crim.R. 11. At the hearing, the court informed Heinzen of the possible maximum penalties and that the parole authority would have the option of placing him on post-release control for a period not to exceed three years. It further stated:
 {¶ 4} "The document indicates that the parties understand that a presentence investigation will be conducted. Conversation in chambers, I have informed Counsel for the State and the Defense that should the Court find that a prison sentence is necessary under the facts that have been placed before me, the Court will impose a six-month sentence."
 {¶ 5} The court made clear to Heinzen that the fact that the offense occurred while he was on community control was a factor that the court could use to determine if "prison is the necessary sentence." At the conclusion of the hearing, Heinzen reiterated that he wished to plead guilty. The trial court accepted the plea and found Heinzen guilty. Sentencing was scheduled for March 29, 2005.
 {¶ 6} At the sentencing hearing, the court indicated that it had read the presentence investigation report. The prosecutor informed the court that he "had originally made an offer, an agreed sentence of six months that we subsequently in negotiations made off that presentence investigation. I have read the presentence investigation. After looking at it and reviewing it, based on the plea, I feel that six months was more than a reasonable offer, would hold to that recommendation to the Court at this time and would add nothing further." Counsel for Heinzen requested community control or, if a prison sentence were imposed by the court, the minimum sentence.
 {¶ 7} The court sentenced Heinzen to one year in prison. In reaching that sentence, the court noted that, at the time of the offense, Heinzen was on community control, was under suspension, and had an active warrant for his arrest. The court further noted that marijuana and cocaine were involved in the incident. The court concluded that the offense was "an instance where somebody apparently is under the influence of drugs, driving when he's not supposed to be driving because he's been suspended and going down a wrong-way street because he's not driving with mental faculties necessary to make a proper decision, and then panicking because he knows there's a warrant out for his arrest and fleeing from that warrant, not from a ticket for driving on a one-way street in the wrong direction."
 {¶ 8} In his sole assignment of error, Heinzen claims that the trial court erred when it sentenced him to one year in prison because the court had promised him prior to the entry of his guilty plea that he would receive no more than a six-month sentence.
 {¶ 9} The due process clause of the Fourteenth Amendment requires that any plea of guilty or no contest in a criminal case must be entered knowingly, intelligently, and voluntarily. Statev. Engle (1996), 74 Ohio St.3d 525, 660 N.E.2d 450. "When a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary. Accordingly, a trial court commits reversible error when it participates in plea negotiations but fails to impose the promised sentence." State v. Bonnell,
Clermont App. No. CA2001-12-94, 2002-Ohio-5882, ¶ 18 (citations omitted); see State v. Dixon, Clark App. No. 03CA45, 2004-Ohio- ¶ 9.
 {¶ 10} The state asserts that "representations by counsel for the state and the defense, but before a presentence report was accomplished and all the facts of the case were developed, caused the Court as a preliminary observation to state in a conditional way that a six-month prison sentence might be appropriate." The state argues that the facts of the case and Heinzen's history were not fully available to the Court until the sentencing hearing, and that the court appropriately exercised its discretion in arriving at a one-year prison term.
 {¶ 11} Upon review of the record, we agree with Heinzen that the court had promised during the plea hearing that he would receive no more than a six-month sentence. In discussing Heinzen's possible sentence during the plea hearing, the court indicated that it would determine whether a prison sentence, as opposed to community control, was necessary. Although the court indicated that a presentence investigation would be performed, the results of the presentence investigation clearly were intended to aid the court in making the determination of whether it would impose a prison term. We find nothing ambiguous in the court's statement that, "should the Court find that a prison sentence is necessary under the facts that have been placed before me, the Court will impose a six-month sentence." In our judgment, the court's statement is a clear representation that, if it ultimately concluded that a prison sentence would be imposed, that sentence would be for six months. The phrase "under the facts that have been placed before me" was not adequate to inform Heinzen that a prison sentence — if imposed — could exceed six months. Consequently, the court's imposition of a one-year prison term was error.
 {¶ 12} The assignment of error is sustained.
 {¶ 13} Pursuant to R.C. 2953.08(G)(2), the sentence is reduced to six months of imprisonment. Upon review of the record, it appears that Heinzen has been incarcerated during the pendency of this appeal, a period of more than six months. Assuming that Heinzen has, in fact, served at least six months of his original one-year sentence, he is hereby ordered released on the offense which is the subject of this appeal.
Grady, P.J. and Donovan, J., concur.