JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, John Elias, appeals his conviction and sentence from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we vacate Elias's plea and remand for a new hearing.
 {¶ 2} Elias pled no contest to one count of burglary, a felony of the second degree, and one count of intimidation, a felony of the third degree. The trial *Page 3 
court found Elias guilty of both counts and referred him for a presentence investigation. Thereafter, Elias was sentenced to four years of incarceration for the burglary charge and five years for the intimidation charge. According to the trial transcript, the five-year term was suspended, but ordered to run consecutive to the four years on the burglary charge.[1]
 {¶ 3} Elias appeals, advancing three assignments of error for our review. We will address only his first assignment of error, because it is dispositive of the case. It states the following:
 {¶ 4} "The defendant-appellant did not knowingly, voluntarily or intelligently enter into a plea to the indictment."
 {¶ 5} Under this assignment of error, Elias argues that he was promised by the court that if he pled guilty, the court would place him in a group home and not sentence him to prison. Elias pled no contest and was convicted and sentenced to prison. Elias complains that his plea was not knowingly, voluntarily, or intelligently entered into.
 {¶ 6} The Due Process Clause of the Fourteenth Amendment requires that any plea of guilty or no contest in a criminal case must be entered knowingly, intelligently, and voluntarily. State v. Engle
(1996), 74 Ohio St.3d 525, 1996-Ohio-179. *Page 4 
"When a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary. Accordingly, a trial court commits reversible error when it participates in plea negotiations but fails to impose the promised sentence." State v. Bonnell, Clermont App. No. CA2001-12-094, 2002-Ohio-5882, _18 (citations omitted); see State v.Dixon, Clark App. No. 03CA0045, 2004-Ohio-4262, _9. See, also, Statev. Heinzen, Clark App. No. 2005 CA 46, 2006-Ohio-837, _9.
 {¶ 7} On the date of the plea, the transcript reflects the following:
 "The Court: I've told your attorney this, you have been in jail since May. If you plea here today you are going in jail until August or September at which point you plea here today I am going to attempt to get you some treatment. Okay? But what I'm going to do is I'm going to sentence you and suspend the sentence and put you on five years probation. Okay? And you're going to get into a group home.
 The Court: You're going to get normal psychiatric services. You are going to take your medication, and you are going to the probation department and you are going to be drug tested once a week. Okay?
 Mr. Elias: Yeah.
 The Court: You test positive for anything at any time, brother, and you're going to a state penal institution for as long as I can put you there."
 {¶ 8} We find that Elias's plea was induced by the trial court's promise of a particular sentence. Therefore, the trial court committed reversible error when it failed to impose the promised sentence, hence, Elias's plea was not voluntary. As a result, Elias's first assignment of error is sustained. *Page 5 
Conviction vacated, cause remanded to the trial court for further proceedings.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, J., and MARY J. BOYLE, J., CONCUR.
[1] We note that the journal entry indicates that the five-year sentence was not suspended. According to the journal entry, Elias was sentenced to a total of nine years in prison. *Page 1