JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Sami Farraj ("Farraj"), appeals the validity of his guilty plea. Finding merit to the appeal, we vacate his plea and remand for further proceedings.
 {¶ 2} In 2007, Farraj was charged in a multi-count indictment. Count one charged him with rape, counts two, four, and six charged him with kidnapping, counts three and five charged him with gross sexual imposition, counts seven through nine charged him with aggravated burglary, and count ten charged him with theft.[1]
 {¶ 3} On May 20, 2008, the court held a hearing, at which Farraj asked the court how much time he was going to serve if he pled guilty. The court advised him that he would be sentenced to ten years in prison. Farraj did not plead guilty at this point but asked the court for twenty-four hours to "look over his case," which the court allowed.
 {¶ 4} However, the parties reconvened later that afternoon. At this session, defense counsel stated that Farraj intended to plead guilty to the amended charges of: sexual battery, with a sexually violent predator *Page 4 
specification (count one), abduction with a sexual motivation specification (count two), abduction with a sexual motivation specification and a sexually violent predator specification (counts four and six), two counts of gross sexual imposition (counts three and five), burglary (count seven), and theft (count ten).[2] Defense counsel also stated that Farraj fully understood the plea and that the trial court would impose a ten-year sentence. Again, the trial court advised Farraj that he would be sentenced to ten years in prison.
 {¶ 5} At the sentencing hearing on June 18, 2008, the trial court noted that Farraj, with the assistance of his attorney, was able to bargain with the court for a sentence "that many will consider too lenient." Subsequently, the trial court "put a little protective sentencing in place." The court sentenced Farraj to five years on count one to run consecutive to count two for an aggregate of ten years in prison. This portion of Farraj s sentence was based on the trial court's understanding that he would be deported. The court also imposed a "suspended sentence" of nineteen years in prison on the remaining counts if Farraj was not deported.
 {¶ 6} Farraj now appeals, raising three assignments of error for our review. Because we find the third assignment of error dispositive, we shall *Page 5 
address it first. Farraj argues that his plea was not voluntary because it was induced by the trial judge who failed to impose the promised sentence.
 {¶ 7} We note that although a trial judge's participation in plea bargaining is not prohibited under Crim. R. 11, it does call into question the voluntariness of the plea. Thus, when a trial judge participates in the plea bargaining process, the participation must be carefully scrutinized to determine if it affected the voluntariness of the defendant's plea. State v. Byrd (1980), 63 Ohio St.2d 288, 407
N.E.2d 1384, syllabus.
 {¶ 8} Furthermore, in State v. Triplett (Feb. 13, 1997), Cuyahoga App. No. 69237, we found that: "[w]here the trial court promises a certain sentence, that promise becomes an inducement to enter a plea, and unless that sentence is given, that plea is not voluntary. Thus, a trial court commits reversible error when it participates in plea negotiations but fails to impose the promised sentence." See, also, State v. Simms (Dec. 6. 1984), Cuyahoga App. No. 47796; State v. Elias, Cuyahoga App. No. 88945, 2007-Ohio-5444 (where this court held that the trial court committed reversible error when it failed to impose the promised sentence).
 {¶ 9} In the instant case, a review of the transcript reveals the following: *Page 6 
 Plea Hearing-Morning Session
Farraj: "I just want to know if I do put in a plea agreement, how much time am I going to have?"
Court: "Should you plea here today, you will do ten years in a state penal institution, you will not attain any form of early release. You will do ten years jail time, credit for time you've been incarcerated."
 Plea Hearing-Afternoon Session
Defense Counsel: "I've gone over the plea agreement with my client. * * * I would highlight, Judge, that my client fully understands that he is taking this plea, that he is going to get a ten-year sentence. We talked about that."
 * * *
Court: "[I]f released from [prison], you will be released on a form of parole after you've done all ten years."
 * * *
Court: "Other than what we discussed on the record today, has anyone made any threats or promises to you on my behalf in order to secure your plea here today?"
Farraj: "No, sir."
 Sentencing
Court: "Now, you [Farraj] are so competent that you were able to, with your attorney, bargain with the court for what I think at this point is a sentence that many will consider too lenient, ten years, but I'm going to put a little protective sentencing in place here today. * * * "So, [your sentence is] ten years in a state penal institution. Then I am sentencing you to a total of 24 years, but I am suspending that 24 years on this condition, that you are deported from the United States of America."[3] *Page 7 
 {¶ 10} Based on the trial judge's statements, we find that Farraj's plea was induced by the trial court's promise of a particular sentence. Therefore, the trial court committed reversible error when it failed to impose the promised sentence, and, accordingly, Farraj's plea was not voluntary and must be vacated. See Elias.
 {¶ 11} The third assignment of error is sustained.
 {¶ 12} Given our disposition of the third assignment of error, we find the remaining assignments of error moot.[4]
 {¶ 13} Judgment reversed and case remanded for further proceedings.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., AND CHRISTINE T. McMONAGLE, J., CONCUR.
[1] The rape count carried a sexually violent predator specification. All three kidnapping counts carried a sexual motivation specification and a sexually violent predator specification.
[2] Counts eight and nine were nolled at the State's request.
[3] A review of the sentencing entry reveals that Farraj was sentenced to a total of ten years on counts one and two and a suspended sentence of nineteen years for the remaining counts. He was also notified that he is subject to five years of postrelease control.
[4] The remaining assignments of error allege as follows:
Assignment of error I: "Appellant's counsel failed to competently represent the appellant, as counsel never delivered discovery material to defendant until one day before entering the plea, only visited defendant in jail a few times and was unprepared to discuss the case or deliver documents or information to the defendant on those few times."
Assignment of error II: "Appellant did not make a well-informed decision to plead guilty as a result of appellant's counsel's failure to competently represent the appellant." *Page 1