[Cite as *State v. Elcess*, 2023-Ohio-2820.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-01-005 |
| | : | O P I N I O N |
| - vs - | | 8/14/2023 |
| | : | |
| ZACHARY SCOTT ELCESS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 22CR39791

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Engel & Martin, LLC, and Mary K. Martin, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Zachary Scott Elcess, appeals his conviction in the Warren County Court of Common Pleas after he pled guilty to one count of third-degree felony burglary and was sentenced to 30 months in prison. For the reasons outlined below, we affirm.

{¶ 2} On October 3, 2022, the Warren County Grand Jury returned an indictment

charging Elcess with one count of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, and one count of petty theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor. The charges arose on July 28, 2022, after Elcess broke into a Springboro, Warren County, Ohio home. Once inside the home, Elcess then stole several items belonging to the homeowners, Amanda Thompson and Zeb Stricker.[1] These items included jewelry, tools, and a Roomba vacuum. Elcess pled not guilty to both charges and the matter was set for a pretrial hearing to take place four weeks later, on October 31, 2022.

{¶ 3} On October 31, 2022, Elcess appeared at the previously scheduled pretrial hearing. Upon the opening of this hearing, the trial court noted its understanding that Elcess had since entered into a plea agreement with the state that required Elcess to plead guilty to the third-degree felony burglary charge in exchange for the first-degree misdemeanor petty theft charge being dismissed. The trial court also noted its understanding that, if Elcess were to enter a guilty plea to that charge, sentencing would be continued and scheduled for a later date. The trial court then turned to Elcess' trial counsel and asked, "Is that accurately stated?" Elcess' trial counsel responded, "That's correct, Your Honor."

{¶ 4} The trial court then addressed Elcess personally and, after asking Elcess basic questions regarding his age, ability to read and write the English language, educational background, current level of sobriety, and status as a United States citizen, stated:

> If you enter a plea of guilty to this charge, I'm not going to sentence you today because I don't know enough about you and I don't know enough about this case yet. What I would do if you enter a plea of guilty to this charge is do a pre-sentence investigation. Also an evaluation to determine whether or not you are appropriate for a community based corrections facility and we would come back here in about six to eight weeks for sentencing.

---

1. To protect their privacy, we have changed the victims' identities for purposes of issuing this opinion.

{¶ 5} Continuing, the trial court then advised Elcess:

> I've told your attorney that my general position on these types of cases is for folks who go into somebody's residence is to send those people to prison. That's my general position on this. But, I don't know enough about you to say that's what I'm going to do. I know that there does seem to be a drug and alcohol component to this, so I would want to look to address that as well, but you know, going into somebody's house has a pretty strong public safety aspect to it.

{¶ 6} Following these advisements, the trial court then asked Elcess whether, "[o]ther than that," had "anybody made any threats, promises, [or] representations to get [him] to plead guilty to this charge against your will?" To this, Elcess responded, "No, sir." The trial court then asked Elcess whether he had reviewed the change of plea form with his trial counsel. Elcess answered, "Yes, sir." The trial court also asked Elcess if he was "satisfied with the representation" that he had received from his trial counsel. Again, Elcess answered, "Yes, sir." The trial court then advised Elcess of the third-degree felony burglary charge and the maximum penalty he faced if he were to plead guilty to that charge. In so doing, the trial court stated, in pertinent part, the following:

> You're going to enter a plea of guilty to one count of burglary. This is a third degree felony. It's punishable [by] up to thirty-six months in prison and a $10,000 fine. There's no mandatory prison in the case and there's no presumption either way. If I do send you to prison, and you spend your entire sentence there, you are also subject to an optional period of post-release control. * * * But I don't have to put you in prison. I can put you into my community control program. That's what most people think of probation. * * * There's also a hybrid option between prison and community control by which I would send you to prison, give you a prison sentence, and then release you prior to your serving your entire time on what we call judicial release, and then placing you on probation. That's sort of a compromise between those two sentences.

{¶ 7} The trial court then advised Elcess of the constitutional rights he would be waiving by entering a guilty plea to a charge of third-degree felony burglary. Following that advisement, the trial court stated:

- 3 -

> If you enter a plea of guilty to this charge, you're going to waive all of those rights. You're going to admit that you did it and we're going to get onto the matter of the sentence. Is that what you want to do?

Elcess responded, "Yes." The state then read a recitation of the facts into the record.

Following the state's recitation of facts, the trial court asked Elcess if he had heard the facts as alleged by the state. The trial court also asked Elcess if he admitted to the state's recitation of facts as true. Elcess answered, "Yes, sir," to both questions. The trial court then asked Elcess, "What's your plea?" Elcess responded, "Guilty." The trial court accepted Elcess' guilty plea upon finding it was knowingly, intelligently, and voluntarily entered. The trial court then noted that it would not "go into the matter of the sentence today," but instead, "[w]e're going to do a level two pre-sentence investigation, also a [community based correctional facility] evaluation" and "see everybody back here in about six weeks." The trial court thereafter scheduled Elcess' sentencing for December 14, 2022.

{¶ 8} On December 14, 2022, the trial court held the previously scheduled sentencing hearing. During that hearing, the trial court noted Elcess' lengthy criminal history, referring to Elcess' record as "terrible." The trial court also noted as it related to Elcess' request to be placed on community control and ordered into drug treatment:

> I mean, I get it, what you're saying about the treatment, but you know, you've been to prison, but you're on supervision already and I just don't think that a community based sanction is sufficient. I don't think placing you on community control would help * * *.

{¶ 9} The trial court then issued its decision to sentence Elcess to serve a 30-month prison term, less 73 days of jail-time credit. The trial court also ordered Elcess to pay court costs and restitution to one of the victims, Amanda Thompson, in the amount of $1,428.98. The trial court further notified Elcess that he would be subject to an optional postrelease control term upon his release from prison of up to two years. The following day, on

December 15, 2022, the trial court issued its judgment entry of sentence setting forth its aforementioned sentencing decision. Elcess filed a timely notice of appeal from that judgment entry. Elcess' appeal now properly before this court for decision, Elcess has raised three assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER A GUILTY PLEA.

{¶ 12} In his first assignment of error, Elcess argues his guilty plea was not knowingly, intelligently, and voluntarily entered. This is because, according to Elcess, he "believed" the trial court had promised him that it would sentence him to a "treatment program" at a "drug treatment facility" if he pled guilty to one count of third-degree felony burglary, thereby rendering his guilty plea involuntarily when the trial court instead sentenced him to 30 months in prison. We disagree.

{¶ 13} "A defendant's plea in a criminal case is invalid if not made knowingly, intelligently, and voluntarily." *State v. Eckler*, 12th Dist. Butler No. CA2019-02-035, 2019-Ohio-4828, ¶ 7. "A trial judge who intimately participates in plea negotiations runs the risk of binding the court to impose a certain sentence." *State v. Schreiber*, 12th Dist. Butler No. CA2006-09-237, 2007-Ohio-6030, ¶ 38. This necessarily means that, "[w]hen a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary." *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, ¶ 18. "Accordingly, a trial court commits reversible error when it participates in plea negotiations but fails to impose the promised sentence." *Id.* But, before this can occur, the trial court must have actually made such a promise to the defendant. *See, e.g., State v. Owens*, 12th Dist. Preble No. CA2021-07-007, 2022-Ohio-160, ¶ 44, fn. 3 ("[b]ecause Owens pled guilty without any promise, the trial

- 5 -

court did not commit reversible error which would require it to permit him to withdraw his plea"). This is because, without such a promise, there can be no inducement.

{¶ 14} The trial court in this case did not promise Elcess that it would sentence him to a treatment program at a drug treatment facility if he accepted the state's plea offer and pled guilty to one count of third-degree felony burglary. The trial court instead indicated "that there does seem to be a drug and alcohol component to this, so I would want to look to address that as well," when advising Elcess that:

> If you enter a plea of guilty to this charge, I'm not going to sentence you today because I don't know enough about you and I don't know enough about this case yet. What I would do if you enter a plea of guilty to this charge is do a pre-sentence investigation. Also an evaluation to determine whether or not you are appropriate for a community based corrections facility and we would come back here in about six to eight weeks for sentencing.

This was in addition to the trial court notifying Elcess of its "general position" to sentence "folks who go into somebody's residence" to prison rather than to community control.

{¶ 15} This falls well short of what could be considered the trial court promising Elcess that it would sentence him to a drug treatment program if he pled guilty to one count of third-degree felony burglary. If anything, it was the trial court notifying Elcess that by accepting the state's plea offer that he would likely be sent to prison rather than be placed on community control and ordered to undergo drug treatment. For Elcess to claim that he somehow "believed" the trial court had promised to sentence him to a treatment program at a drug treatment facility if he pled guilty is simply not plausible given the plain, express language used by the trial court in this case. This is particularly true here when considering Elcess is a college graduate who the record indicates has a degree in marketing and management from a recognizable and respectable university. Therefore, Elcess' first assignment of error lacks merit and is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} APPELLANT WAS IMPROPERLY SENTENCED BECAUSE THE TRIAL COURT RELIED ON ERRONEOUS INFORMATION.

{¶ 18} In his second assignment of error, Elcess argues the trial court erred by sentencing him to serve 30 months in prison. This is because, according to Elcess, the trial court's sentencing decision was based on its "erroneous belief that [he] was already on parole or under supervision" at the time his sentencing hearing took place. The record does not support Elcess' contention. The record instead firmly establishes that Elcess was on parole at the time of sentencing. This includes the presentence investigative report, which specifically stated that Elcess was at that time "on parole" resulting from his earlier conviction for two counts of burglary and two counts of receiving stolen property.[2] Therefore, given the record properly before this court, Elcess' argument that the trial court's decision sentencing him to 30 months in prison was based on its "erroneous belief that [he] was already on parole or under supervision" at the time of sentencing lacks merit. Accordingly, Elcess' second assignment of error also lacks merit and is overruled.

{¶ 19} Assignment of Error No. 3:

{¶ 20} APPELLANT'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY NOT HAVING EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 21} In his third assignment of error, Elcess argues his trial counsel provided him with ineffective assistance of counsel at sentencing. We disagree.

{¶ 22} "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State*

---

2. The presentence investigative report also includes a notation indicating recidivism was more likely because, "[a]t the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to [R.C.] 2929.16 (Residential Sanctions), 2929.17 (Nonresidential Sanctions), or 2929.18 (Financial Sanction), or under post-release control for an earlier offense."

*v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. This necessarily means that, in order for Elcess to establish an ineffective assistance of counsel claim in this case, Elcess must demonstrate both that (1) his trial counsel's performance was deficient; and (2) his trial counsel's deficient performance was prejudicial to him. *State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Trial counsel's performance is considered deficient where "that counsel's performance fell below an objective standard of reasonable representation * * *." *State v. Drain*, 170 Ohio St.3d 107, 2022-Ohio-3697, ¶ 67. Trial counsel's deficient performance is deemed prejudicial where there exists "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, ¶ 93. "The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim." *State v. Jewell*, 12th Dist. Warren No. CA2021-09-080, 2022-Ohio-2727, ¶ 19.

{¶ 23} Elcess argues his trial counsel was ineffective for "various reasons." Elcess, however, only mentions two of those reasons within his appellate brief. Elcess initially argues his trial counsel was ineffective because his trial counsel "knew" that he was not on parole or under supervision at the time of his sentencing, "yet failed to bring it to the trial court's attention or correct the trial court when it referenced the erroneous statement [at] sentencing." However, as noted previously in our discussion of Elcess' second assignment of error, the record firmly establishes that Elcess was on parole at the time of sentencing. Trial counsel cannot be deemed ineffective where the underlying factual assertion supporting such claim proves untrue. Such is the case here. Therefore, Elcess' first argument lacks merit.

{¶ 24} Elcess next argues his trial counsel was ineffective because "other individuals wanted to speak on [his] behalf at sentencing but were not allowed to or even mentioned."

- 8 -

Elcess argues this constitutes ineffective assistance because his trial counsel "knew of the error and didn't bring it to the trial court's attention, to [his] detriment." Elcess, however, does not identify any of those individuals within his appellate brief. Elcess also does not provide any indication within his brief of what those "other individuals" might have said. Under these circumstances, Elcess has failed to make an adequate showing that his trial counsel's performance was deficient. Elcess has also failed to make an adequate showing that his trial counsel's alleged deficient performance was prejudicial to him.

{¶ 25} In so holding, we note that Elcess' argument that "the trial court might not have sent [him] to prison" had his trial counsel simply "allowed others to speak" on his behalf is speculative, at best. Speculation is insufficient to establish a claim of ineffective assistance of counsel. *State v. Rodriquez*, 12th Dist. Butler No. CA2008-07-162, 2009-Ohio-4460, ¶ 69. This is why, as is now well-established, "'[c]onclusory statements that the outcome would have been different, without more, are not enough to carry a defendant's burden on the issue of prejudice.'" *State v. Longworth*, 12th Dist. ¶ 35, quoting *State v. Williams*, 1st Dist. Hamilton No. C-180588, 2020-Ohio-1368, ¶ 22. Therefore, Elcess' second argument also lacks merit. Accordingly, finding no merit to either of Elcess' two arguments raised herein, Elcess' third assignment of error likewise lacks merit and is overruled.

{¶ 26} Judgment affirmed.

PIPER and BYRNE, JJ., concur.