# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-250223 |
| | | | C-250224 |
| Plaintiff-Appellee, | : | TRIAL NOS. | B-2304519 |
| | | | B-2400283 |
| vs. | : | | |
| DWAYNE UNDERWOOD, | : | | |
| | | *ENTRY GRANTING MOTION OF* | |
| Defendant-Appellant. | : | *ANGELA J. GLASER TO WITHDRAW,* | |
| | | *APPOINTING NEW COUNSEL, AND* | |
| | : | *ESTABLISHING NEW SCHEDULING* | |
| | | *ORDER.* | |
| | : | | |

This cause is before the court on the motion of Angela J. Glaser, counsel for defendant-appellant Dwayne Underwood, for leave to withdraw, filed on July 15, 2025. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for defendant-appellant filed a no-error brief and advised this court that she can find nothing that would arguably support appellant's appeals and that the appeals are wholly frivolous. She has also moved to withdraw pursuant to Loc.R. 16(D)(2).

For the reasons set forth in the Opinion filed this date, the court has identified a nonfrivolous issue for appeal, and therefore, the motion to withdraw as counsel for appellant is granted, new counsel for appellant is appointed, further briefing is ordered, and the appeal is ordered to be resubmitted.

Accordingly, this court appoints Raymond Katz, #0073655, as counsel for the appeals. Counsel is ordered to examine the trial court record and raise the issue identified in this court's accompanying opinion and any other nonfrivolous issues counsel may identify. To the extent there are additional transcripts necessary to the appeals, counsel is to order those transcripts pursuant to Loc.R. 9(B), including the filing of a transcript order with this court, and cause the filing of those transcripts on or before the record completion deadline set forth in the forthcoming scheduling

## OHIO FIRST DISTRICT COURT OF APPEALS

order.

**KINSLEY, P.J., ZAYAS and CROUSE, JJ.**

**To the clerk:**

**Enter upon the journal of the court on 12/23/2025 per order of the court.**

**By:**_____
         **Presding Judge**

[Cite as *State v. Underwood*, 2025-Ohio-5726.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-250223 |
| | | | C-250224 |
| Plaintiff-Appellee, | : | TRIAL NOS. | B-2304519 |
| | | | B-2400283 |
| vs. | : | | |
| DWAYNE UNDERWOOD, | : | *O P I N I O N* | |
| Defendant-Appellant. | : | | |


Criminal Appeals From: Hamilton County Court of Common Pleas

Date of Entry on Appeal: December 23, 2025


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Candace Crear,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser*, for Defendant-Appellant.

CROUSE, Judge.

{¶1} In the case numbered B-2304519, defendant-appellant Dwayne Underwood pled guilty to having a weapon while under disability, trafficking in a fentanyl-related compound, and trafficking in cocaine. In the case numbered B-2400283, Underwood pled guilty to trafficking in a fentanyl-related compound and trafficking in heroin. All five offenses were third-degree felonies.

{¶2} As part of these pleas, the remaining eight offenses charged in the case numbered B-2304519 and the remaining four offenses charged in the case numbered B-2400283 were dismissed.

{¶3} The parties submitted an agreed sentence to the trial court. Per the terms of the agreed sentence, Underwood was to be sentenced to one year of imprisonment for each offense, with all sentences to be served consecutively, resulting in an aggregate sentence of five years' imprisonment. The trial court imposed the proposed agreed sentences.

{¶4} Underwood now appeals the trial court's judgments. His appointed appellate counsel has filed a no-error brief in accordance with Loc.R. 16.2 following the procedures identified in *Anders v. California*, 386 U.S. 738 (1967).

{¶5} Counsel has advised this court that, after thoroughly reviewing the record, she has found no nonfrivolous issues for appeal and that the record fails to reveal any arguable assignments of error that would warrant reversal. *See Anders* at 744; Loc.R. 16.2(D)(1)(a) and (b). Counsel communicated this determination regarding the absence of appealable issues in the record to Underwood and invited him to identify any errors that he believed should be addressed on appeal. *See* Loc.R. 16.2(D)(1)(c) and (D)(1)(d). Counsel has also filed a motion to withdraw as counsel. *See* Loc.R. 16.2(C) and (D)(2).

**{¶6}** Counsel requests that this court independently examine the record to determine whether the appeals are wholly frivolous. If, after our independent review, we agree with counsel that the appeals are wholly frivolous, we may grant counsel's motion to withdraw and proceed to a decision on the merits. *Anders* at 744; *State v. Green*, 2018-Ohio-2378, ¶ 3 (1st Dist.). But if we determine in our independent review that the record contains legal points that are arguable on their merits and prejudicial to the appellant, we must "ensure, prior to decision, that the indigent defendant receives the assistance of counsel to argue the appeal." *Green* at ¶ 3, quoting *State v. Gilbert*, 2012-Ohio-1366, ¶ 6 (1st Dist.).

**{¶7}** Following our review of the record, we cannot hold that Underwood's appeals are wholly frivolous. On March 18, 2025, the parties appeared before the trial court for a scheduled hearing, and Underwood's counsel informed the court that Underwood wished to terminate his representation. Trial counsel represented that he and the State had reached a potential plea bargain, but that Underwood was not in agreement with the offered deal.

**{¶8}** Underwood, who was out on bond at the time, told the trial court that he felt his counsel was not representing him to the best of counsel's ability and that he refused to accept the terms of the plea bargain. The trial court expressed frustration with Underwood's refusal to accept the offered plea deal. The court told Underwood that if he wanted to go to trial, he was "going to be locked up" pending trial. It stated that it was going to give Underwood another opportunity to sit down with his counsel and said, "I might want to avail myself of the plea. Let's give him—today is Tuesday. Let's give him until Thursday morning to see if he contacts [trial counsel] and avails himself of a plea." The trial court then raised Underwood's bond on both of his cases and took him into custody.

**{¶9}** The parties returned to court two days later on March 20, 2025, and Underwood pleaded guilty.

**{¶10}** The law is well-settled that a defendant's plea must be entered knowingly, voluntarily, and intelligently. "To ensure that a plea to a felony offense is entered knowingly, intelligently, and voluntarily, a trial court must comply with Crim.R. 11(C)." *State v. Dickey*, 2025-Ohio-4397, ¶ 24 (1st Dist.). But even where a trial court complied with Crim.R. 11(C), a plea may still be found involuntary if it was the result of promises, threats, or coercion. *Id.*

**{¶11}** Following our review of the record, we hold that it contains a legal point arguable on its merits—specifically, whether the plea bargain ultimately accepted by Underwood was rendered involuntary by the trial court's involvement in the plea-bargaining process and its modification of Underwood's bond after he refused to accept the initial plea deal.

**{¶12}** We express no view as to whether this legal argument will ultimately be found meritorious, and the dictates of *Anders* do not require us to do so. The *Anders* procedure was established to "reconcile the right of an indigent defendant to counsel who will vigorously and fairly advocate his rights on appeal with the ethical strictures upon counsel generally to advance on behalf of a client only those issues which such counsel honestly believes *fairly debatable* under the law." (Emphasis added.) *Freels v. Hills*, 843 F.2d 958, 960 (6th Cir. 1988). The issue of whether the trial court's involvement in the plea process rendered Underwood's pleas involuntary is, on this record, fairly debatable under the law, and it is one that, if ultimately found to be meritorious, resulted in prejudice to Underwood. *See id.* at 960; *Green*, 2018-Ohio-2378, at ¶ 3 (1st Dist.).

**{¶13}** Having found that the record contains a legal point arguable on its

merits, we cannot reach the merits of the appeals without the assistance of counsel to argue the issue for Underwood and without a response from the State. We, therefore, grant counsel's motion to withdraw and appoint new counsel as set forth in the entry accompanying this opinion.

Judgment accordingly.

**KINSLEY, P.J.,** and **ZAYAS, J.,** concur.